Mr. Justice Scott delivered the opinion of the Court. The plea alleges that in this case there is in this court an appeal pending and undetermined; which fact is denied, and the record is to settle this issue. This shows that in April term, 1848, of the circuit court for the county of Arkansas an appeal was then regularly prayed and granted to this court and that the appellant in the same term entered into a recognizance to supersede the judgment agreeably to the provisions of the statute. No transcript, however, of the judgment and proceedings in the cause was ever filed in the office of the clerk of this court until the 7th July, 1849, and the transcript then filed was that brought here by the writ of error now pending. Is that appeal then pending here ? We apprehend that the solution of this question will be found in ascertaining what is the true nature of an appeal from the law side of the circuit court to this court. It has been long settled that when a case is in this court by appeal, it will be treated here identically as if it had been brought here by writ or error. And it would seem to be clear that the appellate jurisdiction of this court is derived exclusively from the constitution, and that none of it can be an emanation from the circuit court. When a circuit court renders a final judgment in a controversy within its jurisdiction, it confers no jurisdiction of that case upon this court, nor is any case thereby sent here. It but prepares the controversy to be brought and heard here on error — the legislature having restricted the action of the appellate powers of this court to final judgments. In this condition a party agrieved by such final judgment may invoke the appellate power of this court, and by means of a writ of error have his case brought here,- and when so brought here, it will necessarily be pending until dismissed or determined. If, in addition, he will execute the recognizance provided by statute, a quasi-statutory supersedeas of the judgment below will be the result, which can be discharged only by the action of this court. This quasi-statutory supersedeas not being an inseparable incident of the writ of error, as was the common law supersedeas before St. 3d of Jac. 1, ch, 8; but, nevertheless, when procured in a proceeding in error, is necessarily pending with the cause in error out of which it grew. And we conceive that, in the same sense that a final judgment thus prepares a cause to be brought into this court by writ of error, an appeal prepares it to be brought in by the mode pointed out in the statute of appeals. And when in addition to the appeal, a recognizance of appeal has been entered into the additional legal elfect is but to create a purely statutory superse-deas of the judgment appealed from, which, like the supersedeas we have spoken of, can be discharged only by the action of this court. The judgment itself is in no way affected either by the writ of error with supersedeas, or the appeal with the like adjunct, otherwise than in its execution being stayed by means of the legal effect of the recognizance. But it may be remarked that these supersedeas are unlike in one particular : that which accompanies a writ of error grows out of a proceeding in error which has its origin in this court, while the purely statutory supersedeas accompanying the appeal is procured under the auspices of the circuit court unaided by any movement whatever in this court. Now can it be that the appeal and supersedeas, or either is, under such circumstances, pending in this court ? As to an appeal without supersedeas, if we are correct, as we think we are, in holding that it is under our statute but the preparing of a judgment below to be brought here in a statutory mode, the cause can be no more considered as pending here after such preparation than before, without some further steps to bring it into this court: and this is in accordance with the repeated decisions of this court that to authorize an affirmance on certifí-cate it must appear that the judgment had been superseded by recognizance. (Tindall vs. Jordan, 3 Eng. 267.) And when the additional step of procuring the statutory supersedeas has been taken the cause seems no nearer to this court than before unless it be for the reason that that supersedeas cannot be discharged otherwise than by some action in this court. Now if the necessity of some action in this court, in order to discharge that supersedeas, should be the foundation of supposing that at least the supersedeas must be pending here, the identical same process of reasoning would prove that immediately on every final judgment in the State being rendered, the cause would be pending here, because nowhere else can such final judgment be set aside or reversed. A party, against whom a final judgment may be rendered, may never institute in this court any proceedings to have it reversed. So a plaintiff, whose judgment has been superseded under the statute, may never institute proceedings here to have that supersedeas discharged; and in neither case, we apprehend, would there be any case pending in this court untilsuch proceedings had been commenced. An appeal with recognizance from the circuit court is unlike a change of venue from one circuit court to another or an appeal from a justice of the peace to the circuit court in this, that in each case the tribunal, from which the case goes, in the act of ordering the change of venue in the one case and allowance oí appeal in the other, entirely exhaust their jurisdiction over the case, while an appeal from the circuit court with recognizance has no such effect, but the execution of thejudgment is suspended only. Yet in neither oí the two cases will the court, to which, the cause has been removed, take any steps with the cause until it has been authentically advised what has been done in the court from whence the cause is sent. And it has been frequently held in this court of such cases, that, until such authenticated advice, the circuit court cannot exercise its jurisdiction over such case so transferred. (Stone vs. Robinson, 4 Eng. 469. Stringer vs. Jacobs, ib. 499.) And so it has been held, in effect, of cases of unauthenticated transcripts in this court. Heard et al. vs. Lowry, 5 Ark. 474 and other cases. Now it would seem to be going a great way beyond reason to hold a cause pending and undetermined in a tribunal before the advent of the facts and circumstances, that must transpire as a pre-requisite to the exercise of jurisdiction of that very cause. In the light of these views, then, we hold that there is no app eal pending and .undetermined here in this case and that the writ of error should not abate and render judgment accordingly. But inasmush as in the elucidation of the question just decided, we have held, after mature deliberation, that the statutory supersedeas, of which we have spoken, can only be discharged by some action in this court, and, consequenty cannot “ be removed” in the manner indicated there, by mere “ operation of law,” as was said, by way of illustration, in Dixon vs. Watkins, (4 Eng. on page 158) by the same judge who delivers this opinion; and therefore is in conflict with that dictum, as well as in conflict with the ruling of this court in Cheney vs. The State, (4 Eng. 129), and also inconsistent with the case of John A. Jordan, Ex parte, (3 Eng. 285); in so far as this latter case seems to indicate from the language used that cause for failure to file a transcript of the record and proceedings can only be shown at the “ return term,” we think it incumbent on us to say of that dictum, that, in our opinion, it did not express the law; of the case of Cheney vs. The State, that it did not decide the law; on the contrary, ve think the motion of the Attorney General was well mad( after the return term, there being no reason, as we can percen e after looking into the statute, for confining the motion to that term and no possible injustice can be done by allowing it afterwards, as the affirmance under the statute is not until after the return of a rule to show cause to the contrary. (Dig. 825, sec. 24.) And of the case of Ex parte, John A. Jordan, we see no good reason for confining the showing to excuse lachese to the return term: on the contrary, the whole statute, being purely remedial in its nature and designed to facilitate suitors, should not, we think, have a construction so strict as to defeat in any case the end of its enactment. If on the contrary abuses should seem to arise in any case from a reasonably liberal construction, such abuses might be restrained to some extent by imposing the damages on affirmance within the discretion of the court. Digest 824, sec. 40. Pike & Cummins. The record presents nothing on the motion for a new trial for the consideration of this court — the paper setting out the testimony being no part of the record. Sawyers vs. Lathrop, 4 Eng. 67. Mr. Justice Walker: In this case we are called upon to review the decision of the court below in refusing to sustain the defendant’s motion for a new trial. In order to enable us to do so, it is indispensably necessary that all of the evidence presented for the consideration of the court below should be presented upon the record, so that this court may determine from the evidence, whether or not the court below correctly decided the questions of law arising upon the facts presented for its consideration. And in the absence of the whole of the evidence upon which the court below decided, this court will presume in favor of the correctness of the decision of the circuit court. No part of the evidence in this case is preserved of record by any of the modes known to the law. The record in this respect presents precisely such a case as that of Berry vs. Singer, (5 Eng. 483) where it was decided that the evidence in the case was not preserved of record. This question of practice was eerefully exp.mined in that case, and the former decisions of this court reviewed, and we do not hesitate to re-affirm that decision as expressive of the true rule of practice in such cases. The defendant, by moving for a new trial, waived his right to insist upon his exceptions taken in the progress of the trial, and as he has failed to bring before us the evidence upon which the circuit court made its decision, we must presume that such a state of case existed there as warranted the decision of that court, and we do not hesitate to affirm it. We have not overlooked the motion in arrest of judgment, but find no error in the record which could avail the defendant under it. Let the judgment of the Arkansas circuit court be in ail things affirmed with costs.